

The following constitutes the order of the Court.
Signed: March 17, 2026

_____

**Charles Novack**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 26-40051 CN |
| MEETCO INTERNATIONAL LLC, | Chapter 7 |
| Debtor. | |
| | Adversary No. 26-4004 CN |
| MAY CHEN, | |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| vs. | |
| MEIYING WANG, et al., | |
| Defendants. | |

On March 11, 2026, the court conducted a hearing on Plaintiff May Chen's Motion to Remand. At the conclusion of the hearing, the court indicated its intent to grant the Motion to Remand and to award Plaintiff reasonable attorney fees and costs, pending evidence of the same. The court instructed Plaintiff's counsel to file a declaration attaching her time records for court review and determination.

Plaintiff's counsel filed the requested declaration with time records on March 13, 2026. The records show that counsel spent 15 hours on this matter, billed at a rate of $825

per hour,[1] for a total of $12,375, and that a paralegal spent 16.40 hours on this matter, billed at a rate of $200 per hour, for a total of $3,280. The total fees sought are $15,655.

In the Ninth Circuit, the customary method for determining the reasonableness of attorney fees is the "lodestar method." *Morales v. City of San* Rafael, 96 F.3d 359, 363 (9th Cir. 1996), *amended* 108 F.3d 981 (9th Cir. 1997). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* at 363 (citation omitted). The "reasonable hourly rate" is determined by reference to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The "relevant community" is generally the forum in which the court sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). Here, the "relevant community" is the bankruptcy court in the Northern District of California.

The court takes judicial notice of its many years on the bench and many years of reviewing fees in the Northern District of California bankruptcy court and finds that $825 per hour is well above a reasonable hourly rate for experienced counsel prosecuting a standard, unopposed motion for remand in this community. A more appropriate hourly rate, and the rate that this court will approve in this case, is $550 per hour. Accordingly, the court will award 15 hours of time at $550 per hour, or $8,250. The paralegal time of $3,280 is reasonable and will also be awarded.

As to the $150 in expenses sought, the court declines to award them. The expense entries attached to counsel's declaration indicate that there were three separate expenses of $50 for mailing costs. The first entry, dated 2/6/26, appears to have been for serving the Motion to Remand. The Motion to Remand and related notice totaled 36 pages. Review of the Certificate of Service shows that those 36 pages were served on five parties by what

---

[1] To justify her hourly rate of $825, Plaintiff's counsel cites to The Laffey Matrix, which allegedly supports an hourly rate of $1,019 per hour. The Laffey Matrix, however, appears to be a method for determining fees in the Washington D.C.-Baltimore area and is inapplicable here. *See*, *Laffey v. Northwest Airlines, Inc*., 572 F.Supp. 354, 371 (D.D.C. 1983); https://www.laffeymatrix.com.

the court presumes was first class United States mail.[2]  The court does not know whether "mailing costs" includes copying and postage.  Even if it does, however, it seems very unlikely that the cost for copying and mailing was an even $50.  This expense appears to be rounded, and not the actual expense.  The second entry, dated 3/4/26, was a four-page Reply and Notice of Non-Opposition to the Motion to Remand, which was also served on the same five parties via first class United States mail.  Despite significantly less pages, this was also listed as a $50 expense.  The third entry, dated March 13, 2026, was the nine-page Declaration from counsel that attached the time records.  It, too, was served on the same five parties via first class United States mail and was billed as a $50 expense. All three of the expense entries appear to be rounded up significantly and do not appear to be "actual" costs.  This is insufficient.  "Attorney fees and costs for improper removal includes 'just costs and **any actual expenses**[.]" *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1064 fn 4 (9th Cir. 2008) (citing 28 U.S.C. § 1447(c)) (emphasis added).  *See*, *e.g.,* 11 U.S.C. § 330(a)(1)(B).  Because the expenses do not appear to be "actual," the court declines to award them.  Accordingly,

**IT IS HEREBY ORDERED** that:

1. The Motion to Remand is granted.  This case shall be remanded back to the Alameda Country Superior Court.

2. Plaintiff is awarded fees in the amount of $11,530.00.  No expenses are awarded.

3. Defendants are jointly and severally liable for the fees awarded and shall pay $11,530 to Plaintiff within 30 days of the entry of this order.

**\*\*\*END OF ORDER\*\*\***

---

[2] The Certificate of Service simply states that the moving papers were served via mail, "postage fully prepaid via United States Postal Service."  There is no indication that the papers were served via Certified Mail or any other, more expensive method.

AP No. 26-4004

## <u>COURT SERVICE LIST</u>

Recipients are ECF participants